UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH PARKER, *et al.*, ) | Case No. 5:07 CV 3652 |
| Plaintiffs, ) | JUDGE PETER C. ECONOMUS |
| v. ) | Magistrate Judge George J. Limbert |
| OHIO DEPARTMENT OF MENTAL ) RETARDATION AND ) DEVELOPMENTAL DISABILITIES, ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendant. ) | |

The above-captioned case is before the Court on Defendant's motion to dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim. ECF Dkt #5. This case has been referred to the undersigned for general pretrial supervision, including all motions. ECF Dkt #4. For the following reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion and DISMISS the instant case with prejudice due to Lack of Subject Matter Jurisdiction:

**I. The Ohio Department of Mental Retardation and Developmental Disabilities is Immune from Suit.**

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The United States Supreme Court has interpreted the Eleventh Amendment to shield each State from suits brought by individuals in federal court. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Therefore, an individual may not file suit against a State in a federal court absent that State's consent. *Id*. The United States Supreme Court has extended the Eleventh Amendment to apply to State agencies and departments, as well. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

In this case, the government entity at issue is the Ohio Department of Mental Retardation and Developmental Disabilities ("ODMRDD"), which qualifies as a "state agency" for Eleventh

Amendment purposes. Section 117.01(F) of the Ohio Revised Code (O.R.C.) defines a state agency as, "every organized body, office, agency, institution, or other entity established by the laws of the State for the exercise of any function of State government." O.R.C. §117.01(F) (2008). Further, Section 121.02(L) provides that, "[t]he following administrative departments and their respective directors are hereby granted. . . [t]he Department of Mental Retardation and Developmental Disabilities, which shall be administered by the director of Mental Retardation and Developmental Disabilities." O.R.C. §121.02(L) (2008); *see also* O.R.C. §5123.35(B) (2008) (referring to the ODMRDD as a State agency). Therefore, the undersigned recommends that the Court find that ODMRDD is a state agency protected by sovereign immunity in the instant case.

It is important to note that Congress has the ability to remove the immunity granted by the Eleventh Amendment to the States and its agencies if it has (1) "unequivocally expressed its intent to abrogate the immunity;" and (2) Congress acted "pursuant to a valid exercise of power." *Seminole Tribe of Florida*, 517 U.S. 44, 55 (1996). Plaintiff's complaint does not allege that either of these factors have been met. ECF Dkt #1. Further, the ODMRDD has invoked its immunity by filing the instant Motion to Dismiss. ECF Dkt #5.

Finally, the Eleventh Amendment allows suits only for prospective injunctive relief against individual state officials who violate federal law. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Citing ex parte Young*, 209 U.S. 123 (1908). Therefore, Federal Courts cannot award retrospective relief if the State invokes immunity. *Edelman v. Jordan*, 415 U.S. 651, 668 (1974). In this case, Plaintiff seeks retrospective damages and injunctive relief from a state agency, not a state official. Consequently, this Court has no jurisdiction to award the relief that Plaintiff requests.

For the foregoing reasons, the undersigned recommends that the Court grant Defendant's motion and dismiss the instant suit with prejudice due to lack of subject matter jurisdiction.

**II.    Plaintiff has Failed to Exhaust Remedies.**

Although the undersigned believes that sovereign immunity provides an adequate, independent basis for dismissal in this case, Plaintiff's failure to exhaust available administrative remedies presents a separate ground for dismissal in this case. The *Younger* Abstention Doctrine provides that federal court abstention is appropriate when: (1) there are ongoing state judicial

proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the State proceeding to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982).

Satisfying the first element of the *Younger* abstention doctrine, ODMRDD has initiated an administrative hearing against Special Care Facilities, Inc., in order to have the company's certifications revoked based on alleged deficiencies in services. ECF Dkt #5 at 4-5. This procedure is proscribed in Ohio's Administrative Procedure Act in Ohio Rev. Code Chapter 119. Qualifying for the second element, Plaintiff's allegations of discrimination arising from ODMRDD's attempt to revoke must first be heard and decided within these administrative proceedings before jurisdiction vests in this Court. The certification issue is a matter of State administrative law since the state has authority to grant or revoke certification allowing Special Care Facilities, Inc. to render services to citizens of Ohio. Finally, meeting the third element of the *Younger* abstention doctrine, there is an adequate administrative forum within the State in which to raise constitutional challenges as provided for in the administrative proceedings that have yet to be completed. Therefore, each of the *Younger* Abstention Doctrine factors have been met and the abstention requirement applies. Accordingly, the undersigned further recommends that the Court dismiss the instant case for failure to exhaust administrative remedies and lack of subject matter jurisdiction.

**III.     The Entire Suit Should be Dismissed with Respect to Any and All Plaintiffs.**

The undersigned notes that the complaint is not entirely clear as to whether Ms. Parker is proceeding as an individual or on behalf of Special Care Facilities, or both. First, the complaint was captioned, "Deborah Parker, et al.," indicating that other Plaintiffs were involved in the suit. ECF Dkt #1. Second, Ms. Parker refers to herself in the complaint as the Chief Executive Officer of Special Care Facilities. ECF Dkt #1.

The ambiguity over the identity of the Plaintiff or Plaintiff's, however, is immaterial because both sovereign immunity and the *Younger* abstention doctrine apply irrespective of whether the suit is brought by Ms. Parker individually or on behalf of Special Care Facilities.

**IV.     Conclusion and Recommendation**

For the above stated reasons, the undersigned RECOMMENDS that the Court GRANT the Defendant's motion and DISMISS the instant case in its entirety for lack of Subject Matter Jurisdiction with prejudice. ECF Dkt #5.

Date: June 10, 2008                                  */s/George J. Limbert*
                                                              GEORGE J. LIMBERT
                                                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).